UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | Criminal No. 08-cr-001 (PLF) |
| Plaintiff, : | |
| : | Sentencing Date: October 20, 2009 |
| v. : | |
| : | |
| IVAYLO VASILEV PLETNYOV, : | |
|     a/k/a "Floyd Beverdige," : | |
|     a/k/a "Georgi Blagoev Stefanov," : | |
| : | |
| Defendant. : | |
| : | |

**GOVERNMENT'S SENTENCING MEMORANDUM AND MOTION FOR DEPARTURE**

The United States of America, by and through undersigned counsel, respectfully moves this Court, pursuant to Section 5K1.1 of the United States Sentencing Guidelines ("Guidelines"), to depart downward from the advisory sentencing guideline range noted in the defendant's Pre-Sentence Investigation Report (PSR) due to the substantial assistance the defendant has provided to the government. In support of this motion, the government represents as follows:

**Factual Background of Defendant's Criminal Conduct**

Pursuant to a cooperation agreement, the defendant pled guilty on January 15, 2009 to the charge of Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h). A summary of the defendant's criminal conduct, as it pertains to his plea and cooperation agreement, is set forth below.

Starting in 2004, the defendant became involved in a fraud scheme based in Eastern Europe in which his co-conspirators would post fake advertisements on eBay and other websites fraudulently offering expensive vehicles and boats for sale that they did not, in truth and fact,

1

possess.  The objective of the conspiracy was to use the Internet in interstate and foreign commerce to solicit U.S. victims to send them money for goods the victims would never receive.  The fraudulent Internet postings and emails represented that they were from actual sellers, the merchandise was of high quality, and that payment and delivery were secure and guaranteed, among other things.  The advertisements provided the names of the purported sellers and the false escrow account holders (among them, Floyd Beverdige and Georgi Blagoev Stefanov), and included photographs and detailed descriptions of the vehicles and boats.  While Defendant I. Pletnyov was not responsible for creating the Internet postings or communicating with the victims, he understood the nature and purpose of the scheme and knew that U.S. victims were sending money for items they would never receive.

      In furtherance of the scheme, the defendant opened bank accounts in Slovakia, Greece, and the Czech Republic using fake passports in false names.  When a U.S. victim would wire transfer a payment for a vehicle or boat, defendant Pletnyov would receive a text message from co-defendants Teodor Roman or Georgi Pletnyov (his brother), which included the sender's name and address, the amount of the transaction, and the fake name used by the false escrow account holder.  Once he received a text message instructing him that money had been wired, the defendant presented false identification to bank officials in Slovakia, Greece, and the Czech Republic to withdraw cash from the accounts he had previously opened using false names.  Neither the defendant nor his co-conspirators ever delivered any of the advertised vehicles or boats to the intended buyers in the U.S., and the victims' monies were never returned.  In all, the victims were defrauded of over $1 million (USD) by this conspiracy.

      In addition to picking up wire transfers, Defendant Pletnyov also assisted his brother,

Defendant Georgi Pletnyov, in transporting bulk cash back to Bulgaria and Romania for delivery to Teodor Roman, and continued his participation in the conspiracy even after other co-defendants had withdrawn or been arrested.

### Statutory Penalties and Sentencing Guidelines

Pursuant to 18 U.S.C. § 1956, the maximum term of imprisonment is 20 years. The Federal Sentencing Guidelines calculation recommended in the PSR places the defendant's base offense level at 6. See PSR ¶ 21. The PSR correctly affords the defendant a 16-level enhancement for loss amount, a 4-level increase for having defrauded more than 50 victims, a two-level enhancement for a substantial part of the fraudulent scheme taking place outside the U.S., and a two-level enhancement for the possession or use of an authentication feature. See PSR ¶ 21. The PSR also affords a two-level enhancement for a money laundering conviction and a three-level reduction for the defendant's acceptance of responsibility. See PSR ¶¶ 23, 29. According to the PSR, the defendant is facing an advisory guidelines range of 87-108 months.

### Description of Substantial Assistance and Sentence Recommendation

The government considers Mr. Pletnyov's assistance to have been substantial. Based on this, the government respectfully moves this Court to grant Mr. Pletnyov a downward departure from the applicable sentencing guidelines range of 87-108 months, and balancing his assistance to the government's investigation with his role in the offense, recommends a departure of 29 months from the low end of the recommended Guidelines calculation. This would result in the defendant receiving a sentence of 58 months.

Shortly after his initial appearance, Defendant Pletnyov began cooperating with the government. He participated in all debriefings requested of him, ultimately meeting with the

government on three occasions for detailed interviews lasting several hours.  The defendant reviewed numerous documents in support of the government's investigation and  has agreed to testify in any future proceedings, including against co-defendants at trial.  Generally speaking, the defendant was forthcoming and truthful, and was particularly helpful in providing details about the actions of his co-conspirators.  The defendant also corroborated information known to the government about the inner workings of the conspiracy, provided important information regarding the lead defendant in the case, and acknowledged his culpability in the scheme.

     Most importantly, the defendant assisted the government in securing the cooperation of an additional source, who has helped the government initiate and pursue further investigations against additional targets.  Moreover, the defendant's guilty plea and agreement to cooperate has motivated others to cooperate.  All of these results are directly attributable to the defendant's valuable cooperation.

**Conclusion**

WHEREFORE, for the reasons outlined above, the government respectfully moves this Court to depart downward from the PSR's advisory guidelines sentence by 29 months and recommends that the Court impose a sentence of 58 months incarceration.

                                        Respectfully submitted,

                                        BRUCE G. OHR,
                                        CHIEF, ORGANIZED CRIME &
                                        RACKETEERING SECTION

                                        */s/ Lisa Page*
             By:                  LISA C. PAGE
                                        Trial Attorney
                                        Organized Crime & Racketeering Section
                                        United States Department of Justice
                                        1301 New York Ave. N.W. Suite 700
                                        Washington, D.C. 20005
                                        (202) 514-5869

cc:    Edward C. Sussman, Esq.
        601 Pennsylvania Avenue NW
        Suite 900 – South Building
        Washington, DC 20004

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of October, 2009, a complete copy of the foregoing was served via ECF to:

> Edward C. Sussman, Esq.
> 601 Pennsylvania Avenue NW
> Suite 900 – South Building
> Washington, DC 20004

> */s/ Lisa Page*
> LISA C. PAGE